UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELVIN GOLDBLATT, JOAN LAZEROW, MARK FETCHER, GLORIA JOHNSTON, and DOUGLAS C. ANTUPIT, | : : : : |
| **Plaintiffs,** | : : |
| v. | :  CIVIL ACTION NO. 3:10cv924 : : |
| WELLS FARGO ADVISORS, LLC, as successor in interest to WACHOVIA SECURITIES, successor-in-interest to A.G. EDWARDS & SONS, INC.; HERBERT LINDER; HINDA KIMMEL; MARTIN LAZARUS; MARY LOU RICHARDS; BELLER SHEPATIN & CO.; MAXINE SHEPATIN executrix of the estate of Hyman Shepatin; EDWARD LORAH, CPA, as successor-in-interest to BELLER, SHEPATIN & CO.; NAOMI RACHLEFF, executrix of the estate of Edwin Rachleff; and SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C., | : : : : : : : : : : : : : : : : |
| **Defendants.** | : |

## MEMORANDUM OF DECISION ON PENDING MOTIONS

This action stems from the wind-up of New London Security Federal Credit Union ("New London Security") after it was declared insolvent and taken over by the National Credit Union Administration ("NCUA"). Plaintiffs Melvin Goldblatt, Joan Lazerow, Mark Fetcher, Gloria Johnston, Douglas C. Antupit, former member investors of the New London Security, allege that (1) Wells Fargo Advisors, LLC ("Wells Fargo"), successor-in-interest to Wachovia and A.G. Edwards, is liable for negligent duty to supervise Edwin Rachleff, an investment broker at the branch office of A.G. Edwards (count one),

promissory estoppel (count two), negligent misrepresentation (count three), and conversion (count four); (2) defendants Herbert Linder, Hinda Kimmel, Martin Yavener, Reuben Levin, and Martin Lazarus ("New London Security Board Defendants) are liable for negligence (count five); (3) New London Security Board Defendants and manager Mary Lou Richards are liable for breach of fiduciary duty (count six); (4) Beller Shepatin & Company, PC, Edward Lorah, CPA and the estate of Hyman Shepatin are liable for negligence (count seven); (5) the estate of Edwin Rachleff is liable for negligence and fraud (counts eight and nine); (6) Suisman, Shapiro, Wool, Brennan, Gray, & Greenberg, P.C. is liable for legal malpractice (count ten); and (7) all defendants are liable for violation of the Connecticut Unfair Trade Practices Act (count eleven).

The complaint asserts federal jurisdiction on the basis of diversity between the parties pursuant to 28 U.S.C. § 1332(a).

Separate motions to dismiss have been filed by the Lazarus, Levin, Linden, and Yavener; Edward Lorah CPA, successor-in-interest to Beller, Shepatin & Company; Naomi Rachleff, executrix of the state of Edwin Rachleff; Wells Fargo Advisors; Beller Shepatin & Co and Maxine Shepatin, executrix of the estate of Hyman Shepatin; and Hinda Kimmel, Suisman Shapiro Wool Brennan Gray & Greenberg, P.C. on the grounds of lack of diversity jurisdiction and failure to state a claim for lack of standing. The NCUA has filed a motion to be substituted as plaintiff. A motion to consolidate the instant action with the NCUA's prior filed action and a motion to amend the complaint are also pending.

For the following reasons, the motion to substitute will be granted; the motion to consolidate will be granted; the motions to dismiss will be denied; and the motion to amend will be denied.

## **FACTUAL BACKGROUND**

The complaint alleges the following factual background. For purposes of ruling on this motion, the Court accepts all facts stated in the complaint as true.

In March 1988, Edwin Rachleff, as an investment broker and financial advisor of A.G. Edwards, represented to New London Security that he was opening an account at A.G. Edwards with New London Security member investor funds, including funds invested by plaintiffs, on behalf of New London Security.

Between April 1988 and July 2008, New London Security received monthly account statements from A.G. Edwards detailing its investments, including the value of its investments and portfolio.

In July 2008, it was discovered that the investment account in the name of New London Security was non-existent at Wachovia, the successor to A.G. Edwards. Rachleff had never opened such account on behalf of New London Security; instead, he had opened an account under the name Elmore Shoe Company, which was the defunct company formerly owned by Rachleff's wife and family. After his fraud was revealed, Rachleff committed suicide.

Subsequently, New London Security was placed into involuntary liquidation, and the NCUA has served as the defunct credit union's liquidating agent.

In its role as liquidating agent for New London Security, the NCUA has asserted claims against the Estate of Rachleff, Wells Fargo, and New London Security's former auditors. In its action against Wells Fargo, the NCUA's complaint states:

> As a result [of New London Security's insolvency], the Liquidating Agent was forced to pay out substantial sums to the member investors for the insured investments, and remains potentially liable, as the liquidating Agent for the insolvent estate, for future payouts for uninsured claims.

NCUA v. Wells Fargo Advisors, LLC, 3:10-cv-143 (WWE). The pleading indicates that NCUA seeks recovery for its liability for the "sums stemming from claims for uninsured investments of member investors who may have claims against the insolvent estate."

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et. al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

In considering a motion to dismiss for failure to state a claim, the Court must "assess the legal feasibility of the complaint," rather than "assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). The Court must also accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations

sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Lack of Subject Matter Jurisdiction

Defendants argue that the Court cannot assert subject matter jurisdiction because plaintiffs' complaint does not satisfy the complete diversity requirement of 28 U.S.C. § 1332. Plaintiffs agree that diversity is not established but assert that they should be entitled to amend their complaint to bring claims against the NCUA pursuant to the Federal Credit Union Act ("FCUA") and the Federal Tort Claims Act ("FTCA"), which would afford the Court original jurisdiction over a federal question pursuant to 28 U.S.C. § 1331.

Defendants respond that, regardless of whether they sue the NCUA as proposed, plaintiffs have no standing to bring the instant claims, which are derivative of the claims belonging to the NCUA as the liquidating agent.

As a liquidating agent, the NCUA "succeed[s] to . . . all rights, titles, powers, and privileges of the credit union, and of any member [or] accountholder . . . of such credit union with respect to the credit union and the assets of the credit union." 12 U.S.C. § 1787(b)(2)(A). The NCUA may "take over the assets of and operate the credit union with all the powers of the members or shareholders," and "collect all obligations and money due to the credit." 12 U.S.C. § 1787(b)(2)(B).

It is well established that conduct adverse to all depositors of a bank "creates a liability which is an asset of the bank, and only the bank or its receiver may sue for its recovery." Adato v. Kagan, 599 F.2d 1111, 1117 (2d Cir. 1979). Where an injury such as loss of principal or interest is sustained by all depositors and is dependent on injury

to the institution, the institution or its receiver is the proper party to sue for the benefit of depositors and creditors. In Re Sunrise Secs. Litig., 916 F.2d 874, 882 (3d Cir. 1990).

Individual depositors may sue in their own right but only if they have suffered a wrong that is distinct from the injuries common to all that belong to the institution. Adato, 599 F.2d at 1117. Plaintiff may not assert claims absent a demand on the NCUA to bring the claims or a demonstration that such a demand would be futile. Scalisi v. Fund Asset Management, LP, 380 F.3d 133, 138 (2d Cir. 2004).

Plaintiffs maintain that they have brought a demand and that their claims are distinct from the claims already brought by the NCUA because their losses are in excess of the applicable federal insurance limits. However, precedent demonstrates that both insured and uninsured losses are considered derivative of the claims belonging to the institution because the injury was sustained primarily by that institution. See In re Sunrise Securities Litig. v. Jacoby, 916 F.2d 874 (3d Cir. 1990); Down River Community Federal Credit Union v. Penn Square Bank, 879 F.2d 754, 764 (10th Cir. 1989). In this instance, plaintiff's losses in excess of the applicable federal insurance limits constitute losses stemming from the injury to New London Security that is already being litigated by the NCUA.

Accordingly, the NCUA is the real party in interest on the instant claims and should be substituted as the plaintiff. Rule 17 of the Federal Rules of Civil Procedure provides that an action must be prosecuted in the name of the real party in interest, and that party may be joined after the inception of the suit if it has not been originally named. Fed. R. Civ. P. 17(a). This action is substantially similar to the NCUA's prior filed

action, 3:10cv143. Accordingly, in the interest of justice, the motion to consolidate will be granted.

In exercise of its discretion, the Court will deny the motion to amend the complaint to bring claims against NCUA pursuant to the FTCA and the FCUA.

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and prejudice to the opposing party. State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir.1981). A court must have "good reason" to deny leave to amend. See Kropelnicki v. Siegel, 290 F.3d 118, 130 (2d Cir. 2002).

As the NCUA points out, plaintiffs have filed administrative claims with the NCUA in its capacity as a federal regulatory agency, which claims were denied. An addition of the proposed claims in this action would unduly interfere with the NCUA's role as a liquidating agent, and such addition would prejudice the other parties to this action by unduly complicating and delaying the administration of justice. Such claims are more properly brought in a separate action against the NCUA in its role as a federal regulatory agency. Accordingly, the motion to amend will be denied.

## CONCLUSION

Based on the foregoing, the motion to substitute the NCUA as the party plaintiff [doc. # 61] and the motion to consolidate [doc. #15] are GRANTED; the motions to

dismiss [docs. #10, 16, 28, 38, 50 and 66] are DENIED, and the motion to amend [doc. #14] is DENIED.

The clerk is instructed to consolidate this action with 3:10cv143.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge

Dated this 1st day of February 2011 in Bridgeport, Connecticut.